UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 09-331-DCR |
| ) | |
| V. ) | |
| ) | |
| REAL PROPERTY LOCATED ON ) | |
| DUANE MOUNTAIN, PERRY ) | |
| COUNTY, KENTUCKY, With All ) | |
| Appurtenances Or Improvements Thereon, ) | **MEMORANDUM OPINION** |
| In The Name Of CASSANDRA C. ) | **AND ORDER** |
| WATTS, et al., ) | |
| ) | |
| Defendants. ) | |

*** *** *** ***

The United States filed this action on October 6, 2009, seeking forfeiture of certain real and personal property pursuant to 21 U.S.C. §§ 881(a)(6) and (a)(7) and 18 U.S.C. §§ 983 and 985 based on the assertion that the property represents proceeds of drug trafficking activity in violation of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* [Record No. 1] On November 16, 2009, Defendant Cassandra Watts filed an Answer contending that she is the owner of the real property which is the subject of the United States' Complaint.[1] Shortly thereafter, Watts moved the Court to dismiss the forfeiture action relating to the Duane Mountain Property. According to Watts, unless an action is commenced within sixty days after the date

---

[1] This property is more particularly identified as: 6180 Ky. Hwy. 476, Duane Mountain, Bulan, Perry County Kentucky, and being the same property conveyed to Casandra C. Watts by deed dated December 16, 2004, and recorded in Deed Book 312, Page 338, of the records of the Perry County Clerk's Office. It is referred to herein as the Duane Mountain Property.

-1-

of seizure of the subject property, dismissal is required. Other that a cursory reference to 18 U.S.C. § 983(a), Watts has not cited any authority in support of her motion. In response, the United States asserts that this action was filed within the applicable statute of limitations as set forth in 19 U.S.C. § 1621. Having reviewed the authorities cited by the parties, the Court agrees that this action was filed within the applicable limitations period. Accordingly, the Defendant's motion will be denied.

## I.

The Affidavit of Christopher N. Edwards, a Task Force Officer with the Drug Enforcement Administration (DEA), is attached to the United States' Complaint and outlines the activity which forms the basis for the forfeiture action. Based on his investigation and the investigation of other law enforcement agents, Officer Edwards became aware that Delvin Caudill was supplying substantial quantities of Oxycontin to Jerry Delaney and others in the Perry County, Kentucky area. On October 6, 2006, state search warrants were executed at the residences of Caudill and Delaney. As a result of information obtained during subsequent interviews of the subjects, law enforcement personnel obtained additional information regarding the scope of the subjects' drug trafficking activities.

Caudill and Delaney were indicted by a federal grand jury on May 3, 2007, for drug trafficking. The United States also alleged that Caudill's residential real property and cash seized from him should be forfeited as proceeds of illegal drug trafficking activities. Following his indictment, Caudill suffered a stroke and became unable to stand trial. As a result, the

charges against him were dismissed on September 25, 2007.[2] Delaney pleaded guilty to conspiring to distribute oxycodone and was sentenced to 33 months of imprisonment on October 15, 2007.

Paragraphs 9-12 of Edward's affidavit allege that:

> 9. Caudill's residence at 6180 Ky. Hwy. 476, Duane Mountain, Bulan, Kentucky, was built in 2005; in 2007 the value was assessed at $72,000.00. Delbert Colwell was the primary contractor for construction of the home. On July 6, 2009, your affiant interviewed Colwell who provided the following information:
>
> > a. On three separate occasions during the construction of the residence, Caudill gave Colwell $10,000 in cash as payment toward the construction. On all three occasions the money was either wrapped in rubber bands or with a seal from People's Bank in Hazard, Ky.
> >
> > b. All materials purchased for the construction were paid for in cash. In fact, Caudill has stated to Colwell that he would need a couple of days notice when a bill was to be paid so that he could come up with the money.
> >
> > c. When building supplies were ordered from 84 Lumber, Caudill would either go to 84 Lumber and pay for the supplies, or Caudill would give Colwell cash to pay for supplies when they were delivered to the job site.
> >
> > d. Caudill usually came to the job site first thing in the morning to make sure everything was going well and then he would leave and not be seen until the next day. Colwell also stated that there was never any doubt in his mind that the residence was being constructed for Caudill.
>
> 10. On July 6, 2009, [Edwards] conducted an interview of Robert Williams who performed plumbing and electrical work on the construction of Caudill's residence. He stated that he was hired by Delbert Caudill and that he was always paid in cash by Caudill.

---

[2] According to the United States, Caudill died following dismissal of the charges against him. For further information regarding this issue, see *United States v. Caudill*, U.S.Dist. Ct., E.D. of Ky., Southern Div. at London, No. 6: 07-49 [Rec. Nos. 40-42].

>    11.    The records of Perry County show that the real property which is the subject of this action was purchased in December 2004 and titled in the name of Cassandra C. Watts, the daughter of Delvin Caudill.
>
>    12.    According to the Social Security Administration, Caudill's legitimate gross monthly income in 2005 was $1,501.20. . . . [Edwards] believes that the [Duane Mountain Property] . . . [was] used, or intended to be used, to commit or to facilitate the commission of a violation of the Controlled Substances Act, or is proceeds of such a violation and is, therefore, subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 881 (a)(6) and (a)(7).

[Record No. 1; attached Edward's Affidavit, ¶¶ 9-12]

## II.

The United States asserts that an action for civil forfeiture may be commenced up to five years after the time when the alleged offense was discovered or within two years after the time when the involvement or the property alleged in the offense was discovered, whichever is longer. [Record No. 14] The authorities cited by the government support its position on this issue. *See* 19 U.S.C. § 1621 (limitations period in customs law made applicable to forfeiture actions by 18 U.S.C. § 881(d) and comparable provisions contained in 21 U.S.C. § 981(d)); *see also United States v. James Daniel Good Real Property*, 510 U.S. 43, 62-63 (1993) (forfeiture action not subject to dismissal if internal requirements relating to timing of forfeitures contained in customs laws are not met, so long as forfeiture complaint is filed within five-year limitations period). Authority from the Sixth Circuit also supports the United States' argument regarding the statute of limitations to be applied to forfeiture actions. *See United States v. $515,060.42 in United States Currency*, 152 F.3d 491, 502 (6th Cir. 1998) (the five-year limitations period begins when the government "discovers or possesses the means to discover the alleged wrong").

Information provided in the present case indicates that law enforcement officers began investigating Caudill's drug trafficking activities around October 2006. Further, Defendant Watts has not provided the Court with any information which would indicate that the government was aware of Caudill's most recent drug trafficking activities any earlier than October 2006.[3] As a result, the Court concludes that this forfeiture action was commenced within five years of the date on which the government knew or should have known of Caudill's most recent offense of trafficking in controlled substances. Thus, under the authorities cited above, this action has been commenced within the applicable limitations period.

### III.

The United States commenced this forfeiture action within five years of discovering the drug trafficking activities which resulted in Delvin Caudill's indictment on May 3, 2007. Accordingly, it is hereby

**ORDERED** that Defendant Cassandra Watts' motion to dismiss [Record No. 13] is **DENIED**.

This 29th day of December, 2009.



Signed By:
*Danny C. Reeves* DCR
United States District Judge

---

[3] Caudill has two prior drug convictions which are not related to the charges filed in May 2007. In 1990, Caudill was convicted in federal court for trafficking in marijuana. In 2005, he pled guilty in state court to first degree trafficking in a controlled substance. *See* Edwards' Affidavit, ¶ 5. No information has been presented indicating that Caudill's drug activities in 2006 were related to these earlier convictions or that the United States was aware prior to 2006 that Caudill's illegal drug trafficking activities were continuing.